<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 23-1465

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 14, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| B. NICHOLAS VELARDE, ) <br> ) <br>    Plaintiff-Appellant, ) <br> ) <br> v. ) <br> ) <br> JOSEPH R. BIDEN, ) <br> ) <br>    Defendant-Appellee. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

<u>O R D E R</u>

Before: GRIFFIN, WHITE, and MURPHY, Circuit Judges.

B. Nicholas Velarde, proceeding pro se, appeals the district court's judgment dismissing his complaint without prejudice. He also moves for a default judgment. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

Velarde, proceeding pro se, paid the filing fee and sued the President of the United States, Joseph Biden. He alleges that President William McKinley allowed genocide to occur during the Philippine revolutionary war, the Spanish-American war, and the American-Filipino war. Velarde further alleges that he has suffered "terrible feelings of pain and hatred" due to President Biden's and previous administrations' failures to remedy the injustices that occurred during the McKinley administration. Velarde asserted that the Treaty of Paris of 1898 provides jurisdiction for his claims.

The district court concluded that Velarde's complaint failed "to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes." The court therefore dismissed the complaint without prejudice for lack of subject-matter jurisdiction.

On appeal, Velarde repeats many of the same allegations from his complaint. He also argues that the district court misconstrued his claim for relief.

We review de novo a district court's dismissal of a case for lack of subject-matter jurisdiction. *Lovely v. United States*, 570 F.3d 778, 781 (6th Cir. 2009). Generally, when a plaintiff has paid the filing fee, a district court may not sua sponte dismiss a complaint without giving the plaintiff opportunity to amend. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). But a district court may sua sponte dismiss a complaint for lack of subject-matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*. Sua sponte dismissals are "reserved only for patently frivolous complaints, which present no Article III case because there is 'no room for the inference that the questions sought to be raised can be the subject of controversy.'" *Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)) (brackets omitted).

Velarde's allegations that President Biden is liable to him for alleged crimes that occurred at the end of the nineteenth century are totally implausible. Even liberally construing Velarde's complaint and the relevant portions of his more than 10,000 pages of filings, it is impossible to discern any articulable question that "can be the subject of controversy" within the meaning of Article III. *Id.*; *see Lindke v. Tomlinson*, 31 F.4th 487, 491 (6th Cir. 2022) ("Where there is no real, substantial controversy between parties having adverse legal interests, there is no case or controversy in the constitutional sense.") (quoting *Ahmed v. Univ. of Toledo*, 822 F.2d 26, 27 (6th Cir. 1987)).

For these reasons, we **AFFIRM** the district court's judgment and **DENY** Velarde's motion for a default judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk